IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRINA TRICHE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-2274-O-BK |
| | § | |
| CITY OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. (Doc. 1). The Court now considers Plaintiff's *Motion for Summary Judgment – No Evidence Form*. (Doc. 25). For the reasons that follow, it is recommended that the motion be **DENIED**.

### BACKGROUND

On September 2, 2011, Plaintiff Trina Triche filed this *pro se* action against the City of Dallas, contending that it violated her First Amendment right to petition the government for redress of grievances. (Doc. 2; Doc. 11 at 4). Plaintiff specifically complains that on or about August 24, 2011, the Dallas City Council violated its own rules of procedure when it voted on consent agenda items without first permitting Plaintiff to speak about those items as she had requested. (Doc. 2, Doc. 11).

In the motion for summary judgment now under consideration, Plaintiff has basically regurgitated her claim and attached a copy of the "City Council Rules of Procedure City of Dallas, Texas." (Doc. 26). Defendant contests the motion, asserting that Plaintiff has failed to: (1) identify the claims on which she seeks summary judgment; (2) support her position with

evidence establishing that there is no genuine issue of material fact; and (3) demonstrate that her legal theory is established as a matter of law. (Doc. 27). Defendant's position is well taken.

## APPLICABLE LAW AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Plaintiff has wholly failed to meet that burden here.

Setting aside that Plaintiff's motion does not comport with the local rules of this Court,[1] it fails to state a legal basis for summary judgment or identify competent summary judgment evidence in support thereof. A party asserting that a fact cannot be genuinely disputed must support the assertion by citing to particular parts of materials in the record. FED. R. CIV. P. 56(c)(1). Moreover, contrary to Plaintiff's assertion (Doc. 25 at 1), <u>she</u> has the burden to come forward with evidence that establishes Defendant violated her constitutional rights. Thus, her motion should be DENIED.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Summary Judgment – No Evidence Form* (Doc. 25) be DENIED. In addition, Plaintiff is cautioned that even though she is proceeding without the assistance of counsel, future filings must nonetheless

---

[1] As explained in Defendant's response (Doc. 26), Plaintiff's motion does not comply with N.D. Tex. L.R. 7.1, 56.3, 56.5, and 56.6.

comply with the Court's local rules. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); N.D. Tex. L.R. 83.14.

  **SIGNED** on August 30, 2012.

<br>

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE